CERTIFIED A TRUE COPY
Jessica J. Lyublanovits

By: _____
     Travis D. Green
     Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS
LIABILITY LITIGATION**                               MDL No. 2734

## TRANSFER ORDER

  **Before the Panel:**  Plaintiffs in the action listed on Schedule A and pending in the District of Minnesota and defendants Bristol-Myers Squibb Company, Otsuka Pharmaceutical Co., Ltd., and Otsuka America Pharmaceutical, Inc., jointly move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Florida.  This litigation consists of twenty-two actions pending in twelve districts, as listed on Schedule A.[1]  The Panel also has been notified of twenty related actions pending in fourteen districts.[2]

  All parties support centralization.  Movants represent that the non-moving plaintiffs in the actions on the motion consent to centralization in the Northern District of Florida.  Plaintiffs in three potential tag-along actions also support centralization in the Northern District of Florida.  Plaintiff in a fourth potential tag-along action does not oppose centralization in the Northern District of Florida, but alternatively proposes the District of Massachusetts as a transferee forum.

  On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All the actions share common factual questions arising out of allegations that Abilify (aripiprazole), an atypical anti-psychotic medication commonly prescribed to treat a variety of mental disorders, can cause impulse control problems in users.  Plaintiffs in these actions each allege that they experienced compulsive gambling behaviors as a result of taking Abilify.  All the actions involve factual questions relating to whether Abilify was defectively designed or manufactured, whether defendants knew or should have known of the alleged propensity of Abilify to cause compulsive gambling behaviors in users, and whether defendants provided adequate instructions and warnings with this product.  These common factual issues are sufficiently complex to merit centralized treatment.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

---

  [1]  Four additional actions were listed on the centralization motion.  Plaintiffs voluntarily dismissed two of these actions, while the other two actions were remanded to state court.

  [2]  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

We select the Northern District of Florida as the appropriate transferee district for this litigation. Two of the actions on the motion (and two potential tag-along actions) are pending in this district. Given the unanimous support for this district by the parties, we conclude that the Northern District of Florida presents a relatively convenient and accessible transferee forum. We also are convinced that the district has the necessary judicial resources and expertise to efficiently manage this litigation. By selecting the Honorable M. Casey Rodgers to preside over this litigation, we are selecting a jurist with the willingness and ability to handle this litigation, but who has not yet had the opportunity to preside over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Florida are transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS
LIABILITY LITIGATION                                              MDL No. 2734

## SCHEDULE A

NDFL case                      Central District of California

3:16cv511-MCR-GRJ   GIBSON, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
                         C.A. No. 2:16−03930

                               Eastern District of California

3:16cv512-MCR-GRJ   SEARS, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
                         C.A. No. 1:16−00065
3:16cv513-MCR-GRJ   REYNOLDS, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
                         C.A. No. 1:16−00357
3:16cv514-MCR-GRJ   HARPER−MOSLEY v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
                         C.A. No. 1:16−00609
3:16cv515-MCR-GRJ   VICKERS, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
                         C.A. No. 1:16−00737

                               Northern District of California

3:16cv516-MCR-GRJ   PAMINTUAN v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
                         C.A. No. 3:16−00254

                               Middle District of Florida

3:16cv517-MCR-GRJ   CLARKE v. BRISTOL−MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:16−00447
3:16cv518-MCR-GRJ   REESE v. BRISTOL−MYERS SQUIBB COMPANY, ET AL., C.A. No. 8:16−00116
3:16cv519-MCR-GRJ   BOWMAN v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
                         C.A. No. 8:16−00117

                               Northern District of Florida

3:16cv520-MCR-GRJ   PEREZ v. BRISTOL−MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:16−00251
3:16cv521-MCR-GRJ   VIECHEC, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
                         C.A. No. 3:16−00291

                               Southern District of Indiana

3:16cv522-MCR-GRJ   MEYER v. BRISTOL−MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16−00191

-A2-

## District of Maryland

NDFL cases cont'd

3:16cv523-MCR-GRJ KINDER, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
C.A. No. 1:16−00170

3:16cv524-MCR-GRJ DAVIS v. BRISTOL−MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16−00171

3:16cv525-MCR-GRJ SCHAAP v. BRISTOL−MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:16−00172

3:16cv526-MCR-GRJ BUTLER, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
C.A. No. 1:16−00173

## District of Minnesota

3:16cv527-MCR-GRJ MILEY, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
C.A. No. 0:16−00067

## Western District of Missouri

3:16cv528-MCR-GRJ LELAND v. BRISTOL−MYERS SQUIBB COMPANY, ET AL., C.A. No. 6:16−03023

## District of New Jersey

3:16cv529-MCR-GRJ CLARK, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
C.A. No. 3:16−01313

## Eastern District of Pennsylvania

3:16cv530-MCR-GRJ TRIPLER, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
C.A. No. 2:16−00244

## Middle District of Pennsylvania

3:16cv531-MCR-GRJ EDGAR, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
C.A. No. 1:16−00654

3:16cv532-MCR-GRJ BOWMAN, ET AL. v. BRISTOL−MYERS SQUIBB COMPANY, ET AL.,
C.A. No. 1:16−01140